UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD STUDENT DOE #1,<br><br>                              Plaintiff,<br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br>                              Defendants. | Case No.: 25-cv-926-RSH-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT**<br><br>[ECF Nos. 19, 20, 21] |

Before the Court are several pending motions: (1) Plaintiff's motion to supplement his Amended Complaint, ECF No. 19; (2) Defendant's motion to dismiss for lack of jurisdiction and for improper venue, ECF No. 20; and (3) Defendant's motion to file under seal, ECF No. 21. As set forth below, the Court grants Plaintiff's motion to supplement, sets a briefing schedule for Defendant to respond to the pleading as supplemented, and denies the remaining motions as moot and without prejudice.

**I.   BACKGROUND**

On April 18, 2025, Plaintiff filed this lawsuit against Kristi Noem, in her official

capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), DHS, and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. On April 21, 2025, Plaintiff filed an Amended Complaint, his operative pleading, bringing a total of four claims pursuant to the Administrative Procedure Act and for violation of due process. ECF No. 6. The Amended Complaint alleges, in short, that Plaintiff is a foreign student enrolled in a graduate school in San Diego, that he came to the United States on a student visa, and that Defendants unlawfully terminated his record in a database called SEVIS. Plaintiff alleges that such termination threatens to prevent him from pursuing his educational plans, from working as authorized by his student visa, and from maintaining his legal status, subjecting him to removal and detention.

Shortly after initiating this lawsuit, Plaintiff filed a motion for a temporary restraining order ("TRO"), requesting among other things that the Court reinstate his SEVIS record. ECF No. 14. After a hearing on April 24, 2025, the Court issued the TRO and set a briefing schedule and hearing date for a motion for preliminary injunction. ECF Nos. 14, 15. The Court was thereafter advised that by means of a DHS policy promulgated on April 26, 2025, Plaintiff's SEVIS record was duly reinstated. ECF No. 16. At Plaintiff's request, the Court vacated the hearing date for a preliminary injunction.

On June 9, 2025, Plaintiff filed a motion to supplement his Amended Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. ECF No. 19. Plaintiff seeks to add a fifth claim, pursuant to the APA. ECF No. 19-1. As alleged in the proposed supplemental Amended Complaint, the April 26, 2025 DHS policy announced that an "immediate" visa revocation is grounds for SEVIS termination; and on May 26, 2025, the U.S. Department of State announced that it would work with DHS "to aggressively revoke visas for Chinese students." ECF No. 19-1 ¶¶ 59, 60. Plaintiff is a Chinese national. His proposed supplemental pleading alleges that he again faces unlawful termination of his SEVIS status, this time based on visa revocation.

Defendants oppose Plaintiff's motion to supplement, contending that

supplementation would be futile, because he has not suffered an injury in fact and no adverse action has been taken against him under the new policies. ECF No. 23 at 5. Defendants also contend that venue is improper. *Id.* at 9-10.

On June 24, 2025, Defendants filed a motion to dismiss the Amended Complaint, arguing that his original case is moot because Plaintiff's SEVIS record has been reinstated pursuant to a national policy. ECF No. 20 at 4. Defendants argue that under currently applicable policies, "there is no reasonable expectation that ICE will re-terminate Plaintiff in SEVIS." *Id.* at 5. Defendants also argue improper venue. *Id.* at 5-8.

The motions are fully briefed. Defendants have also filed a motion to seal documents submitted in connection with their motion to dismiss. ECF No. 21.

## II. LEGAL STANDARD

Rule 15(d) allows a court to grant leave to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A trial court has broad discretion in deciding whether to permit a supplemental pleading. *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988)).

In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency. *Id.* (citing *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir.1997)). The use of supplemental pleadings is "favored" because it enables a court to award complete relief in one action "to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Doe v. Butte Cnty. Prob. Dep't*, No. 2:20-CV-02248-TLN-DMC, 2022 WL 705616, at *2 (E.D. Cal. Mar. 9, 2022) (quoting *Keith*, 858 F.2d at 473). However, supplemental pleadings "cannot be used to introduce a separate, distinct, and new cause of action." *Planned Parenthood of S. Az. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith*, 858 F.2d at 474.

"[T]he legal standard for granting or denying a motion to supplement under Rule

15(d) is the same as the standard for granting or denying a motion under Rule 15(a)." *California v. U.S. Dep't of Lab.*, 155 F. Supp. 3d 1089, 1099 (E.D. Cal. 2016) (cleaned up). Thus, courts commonly apply the five so-called *Foman* factors to Rule 15(d) motions, considering: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Among these five factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

Although the Parties dispute whether the proposed supplemental pleading would be futile, there does not appear to be any dispute that each of the other four *Foman* factors favor granting leave to supplement. There is no indication in the record of undue delay or bad faith in Plaintiff's bringing his motion to supplement. The Court is not aware of any undue prejudice to Defendants that would result from amendment. And the motion to supplement does not arise from a failure to cure previously identified deficiencies. These factors all favor granting Plaintiff's motion.

As to futility, Defendants contend that the proposed supplemental claim fails to adequately establish an injury in fact, necessary for this Court to exercise subject matter jurisdiction. Defendants' pending motion to dismiss raises a similar but distinct challenge to the Amended Complaint, asserting that those earlier claims became moot in light of the April 26, 2025 DHS policy.

Whether this Court has subject matter jurisdiction over Plaintiff's claims is, of course, a threshold issue in this case. Rather than taking up that question piecemeal – in the first instance, by addressing whether Plaintiff's proposed supplemental claim would be futile, before turning to Defendants' motion to dismiss the Amended Complaint – the Court will address any jurisdictional challenge to any claim in the context of the action as a whole. Defendants' motion to dismiss includes a May 6, 2025 declaration from its ICE Assistant

Director regarding ICE's plans, as of the date of that declaration, in relation to termination of SEVIS records. ECF No. 20-1 at 76-77. Plaintiff's opposition did not appear to address the import of this declaration. The declaration was drafted prior to the filing of Plaintiff's motion to supplement, and naturally did not address Plaintiff's proposed supplemental claim. The Court wishes to ensure that the Court appropriately addresses the question of subject matter jurisdiction as to any and all claims only after receiving full briefing from both Parties that includes any relevant, up-to-date documentary evidence that the Parties choose to submit.

Defendants have not identified any prejudice to supplementation, and under the circumstances the Court exercises its discretion to grant leave to supplement. Thus, Plaintiff's operative pleading shall be deemed to be the Amended Complaint (paragraphs 1 to 56, plus items 1 through 6 in the prayer for relief, ECF No. 6) combined with Plaintiff's proposed supplemental pleading (paragraphs 57 to 67, plus items 7 and 8 in the prayer for relief, ECF No. 19-1).

Rule 15(d) provides that where leave to supplement is granted, "the court may order that the opposing party plead to the supplemental pleading within a specified time." Within twenty-one (21) days of the date of this Order, Defendants shall respond to the Amended Complaint as supplemented. Deadlines for opposition and reply briefs shall be determined as set forth in the undersigned's pretrial procedures.

## IV.    CONCLUSION

For the foregoing reasons:

1. Plaintiff's motion to supplement [ECF No. 19] is **GRANTED**.

2. Defendants' motion to dismiss [ECF No. 20] the Amended Complaint is **DENIED** as moot and without prejudice.

3. Defendants' motion to seal [ECF No. 21] documents filed in connection with their motion to dismiss is **DENIED** as moot and without prejudice.

4. Defendants shall respond to the Amended Complaint as supplemented no later than twenty-one (21) days from the date of this Order.

**IT IS SO ORDERED.**

Dated: July 29, 2025

/s/ Robert S. Huie
Hon. Robert S. Huie
United States District Judge